IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Jerrick Lamont Rorie, | ) | Civil Action No. 4:10-70209-TLW |
| | ) | Criminal No. 4:08-367-TLW |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| The United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter comes before the Court for consideration of the *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by the Petitioner, Jerrick Lamont Rorie. ("Petitioner" or "Defendant"). On April 22, 2008, Defendant was charged in a fifteen-count indictment. (Doc. # 1). Defendant pled guilty on September 2, 2008, to Count One of the indictment. (Doc. # 124). Count One of the indictment charged Defendant with conspiracy to possess with intent to distribute and to distribute 50 grams or more of crack and 5 kilograms or more of cocaine. (Doc. # 1). On November 16, 2009, Defendant was sentenced to two hundred sixty-four (264) months. (Doc. # 283).

Petitioner filed the present action on June 21, 2010, alleging several grounds for relief. (Doc. # 324). The United States of America ("Government") filed a motion for summary judgment on August 17, 2010. (Doc. # 341). Pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised by Order filed September 7, 2010 that he had thirty-four days to file any material in opposition to the Government's motion. (Doc. # 343). No additional filings were made by Petitioner. This matter is now ripe for decision.

## 28 U.S.C. § 2255

United States Code, Title 28, Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the Court which imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. Generally, "28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting 28 U.S.C. § 2255(a)). In Leano, the District Court noted that this is "the proof needed to allege a constitutional error, and that "[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" 334 Leano, 334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing petitioner's *pro se* motion, and finds that no hearing is necessary.

## **STANDARD OF REVIEW**

The Government has filed a response and motion for summary judgment as to all grounds raised by Petitioner. (Docs. # 341 and 342). In examining a motion for summary judgment, the Court must determine whether there exists a genuine issue of material fact. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323; see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249. Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. Fed R. Civ. P. 56(e); see Celotex, 477 U.S. 317. Thus, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. Celotex, 477 U.S. at 322-23 (1986).

## **DISCUSSION**

Petitioner has filed this action asserting several claims. These claims appear to be based primarily on an assertion of ineffective assistance of counsel. His claims, set forth verbatim, are as follows:

> Ground One: I was talked into taking a plea that I really didn't want.
>
> Ground Two: I told my lawyer to object to my gun charges and he said he would but didn't.
>
> Ground Three: I told my lawyer that they gave me two points on my criminal history point for him to object.
>
> Ground Four: My lawyer never wrote me back to answer any questions I had for him.

(Pet. at p. 4-5).

In order to prevail on a claim of ineffective assistance of counsel, Petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficiencies prejudiced the Petitioner's defense to the extent that he was denied a fair trial. Strickland v. Washington, 466 U.S. 668, 687-692 (1984). The Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." Id. at 689.

**Ground 1:**

First, Petitioner contends that his lawyer told him that if he accepted the offered plea agreement, then he would receive a sentence under fifteen years. Petitioner asserts that his

lawyer told him he would receive a 5K1.1 and a Rule 35(b) reduction. He also asserts that his counsel told him that he had already earned both, and so he would be a fool not to take the plea. Finally, Petitioner notes that he was sentenced to twenty-two years imprisonment.

This Court finds this claim to be without merit. First, with respect to Petitioner's assertion that he took a plea he did not want, this Court notes that the transcript of the guilty plea hearing proceedings reflects that Petitioner was fully informed of the impact of entering a plea agreement and was asked whether he entered a plea agreement of his own volition. When asked if he had the opportunity to read, review and discuss the plea agreement with his attorney before signing, Petitioner responded in the affirmative. (Guilty Plea Tr. at 12). When asked if he understood the terms of his plea agreement, Petitioner responded yes. Id. Petitioner stated that no one had made him promises not included in the plea agreement. Id. at 13. Further, when asked if anyone forced him to plead guilty, Petitioner responded in the negative. Id. at 14. Finally, Petitioner indicated that he entered a plea of guilty of his own free will, that he understood that he faced a period of imprisonment up to life, and that he was in fact guilty of the charge to which he was pleading. Id. at 21-31. Petitioner's counsel also stated in an affidavit submitted to the Court that he never coerced his client into pleading guilty, and he explained Petitioner's options in a letter dated August 20, 2008. (Aff. of John M. Ervin, III, and letter attached thereto).

This Court also finds Petitioner's assertion that counsel told him he would receive a sentence of less than fifteen years to be unpersuasive. Petitioner's counsel stated in his affidavit that he "never made any representation to Mr. Rorie that he would receive a certain sentence," but that there was a possibility that he could receive a 5K1.1 reduction. Id. Moreover, this Court asked Petitioner at his change of plea hearing whether anyone had promised him that he would receive a certain sentence or a guaranteed sentence from this Court, to which he responded in the

5

negative. (Guilty Plea Tr. at 14). Finally, this Court notes that, even assuming arguendo that defense counsel had incorrectly advised Petitioner that he would receive a sentence of less than fifteen years, this Court's colloquy during Petitioner's guilty plea would have cured any confusion that this would have created. See Barker v. United States, 7 F.3d 629, 633-34 (7th Cir. 1993) (finding no ineffective assistance of counsel because any prejudice caused by counsel's misinformation was cured by the district court's thorough examination of Defendant at the change of plea hearing). Accordingly, this Court finds that neither prong of the test set forth in Strickland has been satisfied, and this Court denies Petitioner relief on this ground.

**Ground Two:**

Petitioner next argues that his counsel failed to object to his gun charges. Petitioner argues that his attorney told him he received a gun enhancement and that he told his attorney to object. Petitioner asserts that his counsel never objected and that he could not take back his plea, but that he would still receive under fifteen years.

This Court finds this claim to be without merit. First, this Court notes that Petitioner was asked directly whether he had any objections to the presentence report, to which he responded that he did not. (Sentencing Tr. at p. 2). Furthermore, the record indicates that the enhancement was properly applied, and therefore, counsel was not ineffective for failing to raise an objection to this enhancement. Petitioner received a two-level enhancement pursuant to U.S.S.G. Section 2D1.1(b)(1) for possession of a dangerous weapon during the commission of a narcotics offense. The presentence report indicates that three witnesses who purchased drugs from Petitioner stated that Petitioner always had a gun on or near him during drug transactions. (PSR at ¶ 32, 22, and 35). Moreover, during the execution of a search warrant on Petitioner's residence, officers found two pistols and a shotgun along with a quantity of crack cocaine. Id. at 64. From the record there

is sufficient evidence to support the 2D1.1(b)(1) enhancement, and any objection would have been meritless. Therefore, it cannot be said that counsel's failure to object amounted to ineffective assistance of counsel. See Moody v. Polk, 408 F.3d 141, 151 (4th Cir. 2005) (holding that counsel was under no duty to make a meritless motion). Accordingly, neither prong of the Strickland test has been satisfied, and relief on this ground is denied.

**Ground Three:**

Petitioner next argues he told his lawyer that he was given two points for being on probation at the time of the instance offense when he was not in fact on probation. Petitioner argues that his counsel never looked into this matter and did not raise an objection on this basis.

This claim is without merit. Again, Petitioner was given the opportunity at sentencing to raise any objections, which he did not. More importantly, Petitioner was in fact on probation at the time he committed the offense, and therefore the additional two criminal history points were appropriate. Two points were added to Petitioner's criminal history pursuant to U.S.S.G. § 4A1.1(d) for being on probation for Breaking and Entering at the time the instant offense was committed. (PSR at ¶ 47). Count One of the indictment states that Petitioner was charged for conspiracy beginning at least in 1996. Moreover, the PSR reflects that Petitioner, by his own admission began started selling drugs again in 2004. Id. at 25. Petitioner's probationary period for his Breaking and Entering conviction ran from 2002 to 2005. Id. at 43. Therefore, Petitioner clearly sold drugs during his probationary period, and any objection to this enhancement would have been meritless. Accordingly, counsel was not ineffective in failing to raise a meritless objection, and relief on this basis is denied.

**Ground Four:**

Petitioner next asserts that his counsel never wrote him back to answer his questions. He contends his counsel never came to see him when asked, and never told him anything about his case. This claim is without merit. First, at Petitioner's change of plea hearing the Court asked Petitioner if he had sufficient time to consult with his attorney, to which he responded yes, if Petitioner was satisfied with his counsel, to which he responded yes, and if Petitioner would like his counsel to do anything else that he has failed to do, to which he responded no. (Guilty Plea Tr. at 5). Additionally, counsel for the plaintiff stated in his affidavit that he wrote Petitioner several times responding to his questions and met with him numerous times in court and at the detention centers. (Aff. of John M. Ervin, III). Petitioner's allegations are contrary to the record before the Court. Petitioner cannot satisfy the performance prong of the <u>Strickland</u> nor can he satisfy the prejudice prong of <u>Strickland</u>. Accordingly, relief on this basis is denied.

## **CONCLUSION**

For the foregoing reasons, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255, (Doc. # 324), is **DENIED**, the Government's motion for summary judgment is **GRANTED**, (Doc. # 341), and this action is **DISMISSED**, with prejudice. Additionally, the Governments motion for an extension of time is **GRANTED**. (Doc. # 340).

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings and 28 U.S.C. § 2253. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

                                                                                                           s/Terry L. Wooten
                                                                                                           TERRY L. WOOTEN
                                                                                                           United States District Judge

November 22, 2010
Florence, South Carolina