IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Jerrick Lamont Rorie,<br><br>　　　　PETITIONER<br><br>　　v.<br><br>United States of America,<br><br>　　　　RESPONDENT | Crim. No. 4:08-cr-00367-TLW<br>C/A No. 4:13-cv-01463-TLW<br><br>**Order** |

　　　　This matter comes before the Court for consideration of the *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Jerrick Lamont Rorie. For the reasons stated below, the Court dismisses the petition.

## I.　　Factual and Procedural History

　　　　Petitioner was indicted for various drug offenses. He pled guilty to the first count of the Indictment, which charged him with Conspiracy to Distribute 50 Grams or More of Cocaine Base and 5 Kilograms or More of Cocaine. As part of the plea agreement, the parties agreed that the Government would only seek enhancement of his sentence under 21 U.S.C. § 851 and 18 U.S.C. § 841 based on one of his prior felony drug convictions, which had the effect of reducing his mandatory minimum sentence to 20 years from life. On October 27, 2009, the Court sentenced him to 264 months incarceration, followed by a 10-year term of supervised release.[1] Judgment was entered on November 16, 2009. He did not file a direct appeal.

　　　　On June 21, 2010, he filed a § 2255 petition, asserting generally that he was entitled to

---

[1] His sentence was later reduced to 240 months pursuant to the crack amendment. ECF No. 368.

relief based on ineffective assistance of counsel.[2]  On November 22, 2010, the Court granted the Government's motion for summary judgment and dismissed the petition with prejudice.  He appealed the dismissal of the petition, but because his notice of appeal was not timely filed, the Fourth Circuit dismissed his appeal.  *United States v. Rorie*, 515 F. App'x 221, 222 (4th Cir. 2013).

On or about May 29, 2013, Petitioner filed this § 2255 petition, asserting that, under *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), his sentence should not have been enhanced pursuant to 21 U.S.C. § 851 and 18 U.S.C. § 841.  However, he has not received permission from the Fourth Circuit under 28 U.S.C. § 2244 to file this second petition.

## II.     Discussion

The Court does not have jurisdiction to consider Petitioner's motion.  He has filed a previous § 2255 motion and has not obtained permission from the Fourth Circuit to file a second or successive motion.  A second or successive motion must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain:

(1)     newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2)     a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Because Petitioner has filed a previous § 2255 motion, the present motion is second or successive.  He has not received an order from the Fourth Circuit authorizing a second or

---

[2] The § 2255 petition was filed under case number 4:10-cv-70209-TLW.

successive petition. Consequently, the Court is without jurisdiction to consider it. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (noting that the petitioner must seek permission from the circuit court to file a second or successive motion under § 2255); *Burgess v. Warden*, No. 2:11-1621-CMC, 2011 WL 4345430, at *2 (D.S.C. Sept. 15, 2011) ("As Petitioner is no doubt well aware, prior to filing a second or successive motion under § 2255, he must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion. As provided in 28 U.S.C. § 2244, '[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.' 28 U.S.C. § 2244(b)(3)(A). This he has not done.").[3]

## III. Conclusion

This is Petitioner's second § 2255 motion. He must obtain authorization from the Fourth Circuit to file a second or successive § 2255 motion. As he has not obtained this authorization, this petition is subject to dismissal.

For these reasons, Petitioner's petition for relief pursuant to § 2255, ECF No. 401, is **DENIED**. This action is hereby **DISMISSED**.

The Court has reviewed this motion in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised in this petition. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of

---

[3] Furthermore, even if Petitioner's § 2255 motion was not barred as second or successive, the Court concludes that he would not be entitled to relief under *Simmons*, as the guideline range in his case (262–327 months) exceeded the statutory mandatory minimum of 20 years (240 months).

Appellate Procedure.

**IT IS SO ORDERED**.

<u>*s/ Terry L. Wooten*</u>
Terry L. Wooten
Chief United States District Judge

January 20, 2015
Columbia, South Carolina

4