IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Jerrick Lamont Rorie,<br><br>    PETITIONER<br><br>    v.<br><br>United States of America,<br><br>    RESPONDENT | Crim. No. 4:08-cr-00367-TLW-3<br>C/A No. 4:15-cv-05113-TLW<br><br><br>**Order** |

This matter comes before the Court for consideration of the motion filed by Petitioner Jerrick Lamont Rorie entitled "Motion to Dismiss Indictment and Void Judgment for Lack of Subject Matter Jurisdiction Pursuant to Rule 12(b) Criminal Procedure, and Rule 60(b)(4), and (6) of Federal Rules of Civil Procedure." Because this filing challenges his underlying conviction and sentence, the Court construes it as a petition for relief pursuant to pursuant to 28 U.S.C. § 2255. For the reasons stated below, the Court dismisses the petition.

## I.     Factual and Procedural History

Petitioner was indicted for various drug offenses. He pled guilty to the first count of the Indictment, which charged him with Conspiracy to Distribute 50 Grams or More of Cocaine Base and 5 Kilograms or More of Cocaine. As part of the plea agreement, the parties agreed that the Government would only seek enhancement of his sentence under 21 U.S.C. § 841 and § 851 based on one of his prior felony drug convictions, which had the effect of reducing his mandatory minimum sentence from life to 20 years. On October 27, 2009, the Court sentenced him to 264

1

months incarceration, followed by a 10-year term of supervised release.[1]  Judgment was entered on November 16, 2009.  He did not file a direct appeal.

On June 21, 2010, he filed a § 2255 petition, asserting generally that he was entitled to relief based on ineffective assistance of counsel.  ECF No. 324.  On November 22, 2010, the Court granted the Government's motion for summary judgment and dismissed the petition with prejudice.  ECF No. 345.  He filed a direct appeal, but because his notice of appeal was not timely filed, the Fourth Circuit dismissed his appeal.  *United States v. Rorie*, 515 F. App'x 221, 222 (4th Cir. 2013).

On or about May 29, 2013, Petitioner filed another § 2255 petition, asserting that, under *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), his sentence should not have been enhanced pursuant to 21 U.S.C. § 841 and § 851.  ECF No. 401.  The Court dismissed this petition as second or successive.  ECF No. 459.  He filed a direct appeal, but then filed a motion to voluntarily dismiss the appeal, which the Fourth Circuit granted.  ECF No. 472.

Petitioner filed the instant § 2255 petition on March 24, 2015,[2] asserting generally that his judgment should be voided and the Indictment dismissed for lack of subject matter jurisdiction, as he "was illegally charged in an [sic] defective and vague indictment, and was illegally sentenced for the fictitious conduct."  ECF No. 475-1 at 3.  He has not received permission from the Fourth Circuit under 28 U.S.C. § 2244 to file this successive petition.

## II.   Discussion

The Court does not have jurisdiction to consider Petitioner's petition.  He has filed a

---

[1] His sentence was later reduced to 240 months pursuant to the crack amendment.  ECF No. 368.

[2] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988).

2

previous § 2255 petition and has not obtained permission from the Fourth Circuit to file a second or successive petition. A second or successive petition must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Because Petitioner has filed a previous § 2255 petition, the present petition is second or successive. He has not received an order from the Fourth Circuit authorizing a second or successive petition. Consequently, the Court is without jurisdiction to consider it. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (noting that the petitioner must seek permission from the circuit court to file a second or successive petition under § 2255); *Burgess v. Warden*, No. 2:11-1621-CMC, 2011 WL 4345430, at *2 (D.S.C. Sept. 15, 2011) ("As Petitioner is no doubt well aware, prior to filing a second or successive motion under § 2255, he must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion. As provided in 28 U.S.C. § 2244, '[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.' 28 U.S.C. § 2244(b)(3)(A). This he has not done.").

### III. Conclusion

For these reasons, Petitioner's petition for relief pursuant to § 2255, ECF No. 496, is **DENIED**. This action is hereby **DISMISSED**.

3

4

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings.  In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right."  The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this petition.  Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

    **IT IS SO ORDERED**.

                                                           *s/ Terry L. Wooten*
                                                           Terry L. Wooten
                                                           Chief United States District Judge

January 29, 2016
Columbia, South Carolina